JUDGE OWSLEY
delivered thfe opinion of the court. Reardon having obtained the title to á tract of land, sold and conveyed by a sheriff under a fieri facias, which issued upon a judgment rendered ih his favour against the heirs and executor of Searcy ; the heirS brought their bill in equity for the purpose of setting aside the sale and conveyance, and to be restored to their land : they alledge their ancestor died possessed of the tract of land in question, together with some personal estate : that their mother, as his executrix, took upon herself the administration of the estate, and thereafter intermarried With Joseph Reardon, since deceased: that Joseph Reardon made a sham settlement, by which, as executor of the estate of said Searcy, he acknowledged a debt due Dennis Reardon, the appellee, for about 115 : that Dennis Reardon brought suit therefor, against the executor and heirs of Searcy, and without having a guardian appointed to defend for the heirs, fraudulently prevented any defence being made for them, and after obtaining judgment by default, had the land in question sold under a fieri facias, and became himself the purchaser.
Dennis Reardon, by hi? answer, admits the purchase from the sheriff, but alledges that Joseph Reardon, as executor of the estate of Searcy, Raving, after a settlement with the county court, a claim of about seventy five-pounds against the estate, for a valuable consideration sold it to him, and that be prosecuted suit thereon, and without fraud obtained the judgment, in virtue of which the sale was made.
Upon a hearing of the causé, the court below dismiss- *2 e(J the bill with cosí, and from that decree the heirs 0/ Searcy have appealed to this court.
A mere vol-rtewmSmft‘ t?favored as a purchaser for a valuable ^ithmit^no" tíce¡ he »lands ⅛ the attitude of and affected V ⅛⅛ fraud,
On setting ⅛? salí'of' lands and or-«ieving possession tobe i n-chase - ½ should ac- • oimt for fhe^timeTe 100k sion, to be wducedfrom ¿mprovtt-
Wicldijfc, for appellants, Hardin for appellee.
We are of opinion the decree of the court below cannot be sustained: For, although the evidence may not, pfer-haps, be sufficient to fix a fraud upon Dennis Reardon in the márí%ement of the suit against the heirs, it is abun-te*shew that there was nothing due from the estate to Joseph Reardon^ and that the claim transferred by him to Dennis, although sanctioned by the settlement with the county court, had no just foundation, but was produced by the fraudulent conduct of Joseph. In a contest with JoseP‘1 ®-eafdon, therefore, had the judgment been obtained *n his name, and the purchase made by him, there could be no question but that the heirs of Searcy would be entitled to relief 5 and as Dennis Reardon is shown to be the ?ss*g'nee of Joseph, whatever might be his situation, were he proven to be the purchaser of Josephus claim for a valuable consideration without notice, it is perfectly clear, at as mere volunteer, he must occupy the same ground and be subject to the same equity which exists against the claim of Joseph.-
That he is a volunteer undei the circumstances of this cause, we are bound to infer. He does, it is true, alledge the purchase of Joseph’s claim for a valuable consideration, but so far from supporting that allegation, the evidence rather conduces to establish a different result.
The court below should, therefore, have "granted to the ‘ieir3 re^e^: — Therefore, it is decreed and ordered, that the decree aforesaid be reversed anil set aside, the cause remanded to that court, and a decree there entered, corn-pelling Dennis Reardon to convey the land to the heirs of Searcy, by a deed with a clause of warranty against him and all persons claiming through him, and that after caus-fog an account of the rents, profits and improvements to be íahen, mí&e such order and decree as may be necessary to the said Dennis to pay the amount, if ant, which he may be found in arrears to the heirs. :
j„ taking the amount, the rent should commence from the time Dennis Reardon obtained the possession.
The appellants must recover their cost in this court,
A petition for a rehearing having been filed, the cause was reargued, and the foregoing decree was, at the fall term, 1817, ordered to stand unaltered and affirmed.