CONTINENTAL SECURITIES COMPANY et al. v. BELMONT et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1912.)

CORPORATIONS (§ 320*)—FRAUDULENT SPOLIATION—ACTION BY STOCKHOLDER —PRIOR APPEAL TO BODY OF STOCKHOLDERS.

    While a stockholder, to maintain an action on behalf of the corporation and stockholders for fraudulent spoliation of it by its officers, must have made a demand on it, which was refused or ignored, to bring the action in its own name, or show a state of facts dispensing with such demand as futile, it is not necessary that he shall have appealed to the body of the stockholders, or that he show facts which would have made such an appeal futile, as they could not ratify the fraudulent act, and it would be immaterial, as regards his right to maintain the action, whether or not they approved his course.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1439; Dec. Dig. § 320.*]

Appeal from Special Term, Nassau County.

Action by the Continental Securities Company and others against August Belmont and others. From an order (133 N. Y. Supp. 560) denying their motion for judgment on the pleadings, defendants, other than the Interborough Rapid Transit Company, appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Joseph S. Auerbach (De Lancey Nicoll, Courtland V. Anable, and Charles H. Tuttle, on the brief), for appellants.

J. Aspinwall Hodge, for respondents.

CARR, J. The defendants appeal from an order of the Special Term in Nassau county that denied their motion for judgment against the plaintiffs on the pleadings. The plaintiffs are stockholders of a domestic corporation known as the Interborough Rapid Transit Company, and as such hold some 300 shares of stock out of a total issue of 350,000 shares, with a capitalization of $35,000,000. As such stockholders they seek to maintain this action, for the benefit of themselves and such other stockholders as may join with them, to recover from the defendants a very large sum of money, aggregating several millions of dollars. The law governing generally actions of this character has been declared and applied so repeatedly in recent years as to require no present citation of authorities. The cause of action is not in the plaintiffs themselves, but is derivative; that is to say, such cause of action is derived ·from the right of the corporation itself, and can be asserted only when the corporation itself neglects to assert it to the detriment of its stockholders. Therefore the complaint should set forth such facts that disclose a cause of action in the corporation itself and a refusal or neglect on the part of the corporation to bring an action thereon, to the damage of its stockholders. Every such complaint must allege facts which show that the plaintiffs either demanded from the corporation the bringing of an action in its own name for the protection of its stockholders or the existence of such a state of facts which should dispense with such demand as futile. These circumstances arise generally when the corporation is under the control of the persons against whom the cause of action exists, or of those whose unlawful acts participated in the wrong from which the cause of action arose, or when there is danger that the cause of action may be lost through lapse of time, if a demand upon the corporation itself be resorted to.

Without particularizing the matters set forth in the complaint in this action, it is clear that it sets up, assuming its allegations as true, a cause of action in favor of the corporation against the defendants for a fraudulent spoliation of the corporation by the defendants while acting as its officers. Likewise does the complaint set up that the plaintiffs, as stockholders, demanded from the directors that the corporation should bring an action against the defendants, and that such demand was ignored. The corporation itself, as was necessary, was made a party defendant in this action, and it has answered, denying the substantial allegations of the complaint, and demanding judgment for a dismissal thereof. The defendants contend, however, that the complaint is not sufficient to sustain the plaintiff's derivative cause of action, because it does not set up, either at all or in form of pleading sanctioned by the rules of pleading, that the plaintiffs, after the refusal of the directors of the corporation to comply with their demand, ever appealed to the general body of the stockholders, or it does not disclose facts which should dispense with such appeal as futile. The learned court at Special Term was of opinion that the complaint contained allegations which dispensed with the necessity of an appeal to the general body of the stockholders. In the disposition which we are about to make of this appeal, we shall not discuss this point of the

decision at Special Term, but shall consider the case entirely as if the complaint were silent as to this circumstance. It is important that such questions of law arising in this action as can be now determined in advance of trial should be so determined, in order that there be no possible waste of time and money hereafter in the conduct of the action.

It is true that it is stated in many standard text-books and in the great legal encyclopedias that the general rule applicable to this character of actions requires that the plaintiff stockholder shall plead and prove that he had made a demand upon the managing body of the corporation, and upon its refusal or neglect to comply with such demand that he had appealed to the general body of the stockholders, or that he should allege the existence of such facts which should render either the demand or appeal futile and therefore unnecessary. It is likewise true that in the very great number of reported decisions of this state there is to be found no case in which such rule has been declared and applied as a principle of decision in this character of actions. The chief authority in this country upon which such rule is attempted to be based is the opinion of the United States Supreme Court in Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827. It is true that it is there declared to be essential to the maintenance of these derivative actions by stockholders that the plaintiff—

"must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done; where it could not be done, or it was not reasonable to require it."

This opinion was formulated after a consideration of various English and American authorities, which the court considered as supporting its conclusions. It is a cardinal rule in the interpretation of judicial opinions that, in order to measure the scope of the decision, recourse must be had to the precise controversy then before the court. In that case the action was not brought to recover on behalf of the corporation and its stockholders for any alleged fraudulent spoliation of the corporation's assets. As the court declared as to the complaint then at bar:

"There is no allegation of fraud, or of acts ultra vires, or of destruction of property, or of irremediable injury of any kind."

That action was brought by a dissatisfied stockholder simply to prevent by injunction the continuance by the corporation of a course of business which was alleged to be against the true interests of the stockholders. The English decisions upon which the court proceeded in its judgment (Foss v. Harbottle, 2 Hare, 461, MacDougall v. Gardiner, 1 Ch. Div. 13, and other cases specified) were authorities in which it was declared that the courts would not interfere in the general management of corporations, and that where it was a question of business policy, or in relation to acts which, though illegal in themselves, were yet subject to ratification by the body of the stockholders, the courts would not entertain an action by a dissatisfied stockholder who had failed to appeal to the general body of the stockholders. The limitations of the opinion in Hawes v. Oakland will appear from an exami-

nation of Brewer v. Boston Theatre, 104 Mass. 378, which is referred to in the Hawes Case as follows:

"In Brewer v. Boston Theatre, 104 Mass. 378, the general doctrine and its limitations are very well stated."

In the Brewer Case it is declared as follows:

"A majority of the corporators have no right to exercise the control over the corporate management, which legitimately belongs to them, for the purpose of appropriating the corporate property or its avails or income to themselves, or to any of the shareholders, to the exclusion or prejudice of the others. And if they have obtained such unfair advantage by fraud or abuse of the trust confided to them as officers or agents of the corporation, it is not in the power of a majority to ratify or condone the fraud and breach of trust, so far as it affects the rights of the others without reasonable restitution. This proposition, if stated in reference to formal transactions, such as assessments of capital or dividends of income, would not be questioned. [Cases cited.] But the indirect appropriation of the common property, profits, or means of profit to their own benefit, by any portion of the corporators, in fraud of their associates, is equally incapable of being authorized or ratified by the vote of a majority of the corporators, or by any act or omission of the corporate body."

Now, in Hawes v. Oakland, the acts complained of were not acts of fraudulent spoliation of the corporate assets, but were alleged to be a settled policy of the corporation, through its managing body, in reference to the interpretation of a contract between the corporation itself and a municipal corporation, which was said to result unfavorably to the interest of the stockholders. A question of this character was largely one of business policy, which the body of the stockholders might ratify in the general interest of the corporation. Were it, however, a question of fraudulent spoliation, then it was beyond ratification by a majority of the stockholders, and no reason exists, real or apparent, why the remedy of an aggrieved shareholder should be postponed to await action by the general body of the corporation. Hawes v. Oakland, properly understood, does not declare a rule to the contrary. This case has been cited frequently with approval in numerous decisions in this state, but never once in support of the contention of the appellant, but always in support of the distinct proposition that the shareholder's action cannot be maintained without either a demand upon the managing officers of the corporation or on the showing of facts which should dispense with such demand.

That mere errors of judgment in business management, free from fraud, collusion, or illegality, will not support such an action, is likewise the settled rule in this state. Leslie v. Lorillard, 110 N. Y. 519, 18 N. E. 363, 1 L. R. A. 456. It may be further pointed out that Hawes v. Oakland has not been followed in this state in some other points of decision, viz., as to the rights of shareholders who have acquired their stock subsequently to the corporate acts complained of, but that, on the contrary a rule has been declared opposite to that asserted in that case. Pollitz v. Gould, 202 N. Y. 11, 94 N. E. 1088. Did it assert a rule for which the appellants contend, and I have pointed out it did not so intend, then there is no compelling reason, why such rule should be adopted in this state, for it is not based upon substantial reason, and it could not fail to be oppressive and prac-

tically destructive of justice in many instances. Where, as in this case, there are 350,000 shares of stock, and doubtless thousands of stockholders who hold large or small blocks of stock, it would be most costly and time-consuming to endeavor to bring home to them for consideration the facts which should spur them to action on their part as stockholders. If they refused to approve the course of the plaintiffs in their demand on the directors, then such refusal would not alter the plaintiff's right to a remedy on behalf of the corporation, for no ratification could take place by formal action or by inaction.

We are of opinion, therefore, that the complaint states a good cause of action in the plaintiffs, irrespective of any allegations as to the attitude of the majority of the shareholders.

The order should be affirmed, with $10 costs and disbursements. All concur.