CONTINENTAL SECURITIES COMPANY et al., Stockholders in the Interborough Rapid Transit Company, on Behalf of Themselves and Other Stockholders and on Behalf of Said Interborough Rapid Transit Company, Respondents, *v.* AUGUST BELMONT et al., Appellants, Impleaded with Another.

Stock corporations — equity — action by a stockholder in behalf of the corporation for the benefit of himself and all other stockholders — stockholder must apply, for relief sought, to board of directors before bringing such action — pleading and evidence — plaintiff must allege and prove that corporation has neglected and refused to act.

1. A stockholder may bring an action in behalf of the corporation for the benefit of himself and all other stockholders, to set aside as fraudulent an improper transation consummated at the expense of the corporation before he acquired his stock. It is not necessary to allege in the complaint that his predecessors in title did not assent to or acquiesce in the alleged fraudulent issue of stock which the action is brought to set aside, since it is not necessary to negative such assent or acquiescence unless it is otherwise to be presumed from the delay in bringing the action or generally from the allegations of the complaint. If it exists it is a matter of defense.

2. The governing body of a corporation in this state is the board of directors. A complaining stockholder must go to such board for relief before he can bring an action of this character, unless it clearly appears by the complaint that such application is useless, but it is not necessary for a plaintiff in addition to alleging a demand upon a defendant corporation and its board of directors to bring the action and their neglect and refusal to do so, to allege that he had given notice of the alleged fraud to the stockholders of the defendant corporation and had demanded of them that some action be taken by them to redress the wrong, and that they had neglected and refused to take action relating thereto.

3. An action in equity cannot be maintained by individual stockholders for themselves and all others similarly interested unless because of the neglect and refusal of the corporate body to act. It is necessary, therefore, in such an action to set forth, *first*, a cause of action in favor of the corporation with the same detail of facts as would be proper in case the corporation itself had brought the

action; *second*, the facts which entitle the plaintiff to maintain the action in place of the corporation. *Held*, upon examination of the complaint in this action, that both of these requisites were complied with.

4. In an action by stockholders to compel an accounting on the ground of a fraudulent transfer of stock and certain bonds by the directors of a corporation to other defendants, it is not necessary for the plaintiffs to offer to return the stock and bonds claimed to have been so transferred. The court in the action can preserve and adjust the equities of the parties. (*Hawes* v. *Oakland*, 104 U. S. 450, distinguished.)

. *Continental Securities Co.* v. *Belmont*, 150 App. Div. 298, affirmed.

(Argued May 6, 1912; decided June 11, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 19, 1912, which affirmed an order of Special Term denying a motion by defendants for judgment in their favor on the pleadings.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Joseph S. Auerbach, De Lancey Nicoll, Courtland V. Anable* and *Charles H. Tuttle* for appellants. The complaint does not comply with the rule requiring a stockholder to show with particularity adequate and sincere efforts to induce action by the board of directors and the board's refusal to act, or, in the alternative, an adequate excuse for not making such efforts. (*Kavanaugh* v. *Comm. Trust Co.*, 181 N. Y. 121; *Hawes* v. *Oakland*, 104 U. S. 450; *Law* v. *Fuller*, 217 Penn. St. 439; *Quincy* v. *Steel*, 120 U. S. 241; *Doherty* v. *M. Trust Co.*, 184 Mass. 590; *Johns* v. *McLester*, 137 Ala. 283; *Swope* v. *Villard*, 61 Fed. Rep. 417; *O'Connor* v. *V. P. & P. Co.*, 184 N. Y. 46; *Fry* v. *Bush*, 63 Kans. 429; *Corning* v. *Barrett*, 22 Misc. Rep. 241.) The complaint fails to state facts sufficient to qualify the plaintiffs to sue in the right of the corporation, in that it fails to allege that the plaintiffs revealed the facts to the

other stockholders; that the plaintiffs had appealed for action to the body of the corporation (the stockholders), or that such an appeal would have been futile or could not have been made in time. (*Bill* v. *W. U. Tel. Co.*, 16 Fed. Rep. 14; Thompson on Corp. § 4499; Clark & Marshall on Priv. Corp. § 543; *Foss* v. *Harbottle*, 2 Hare, 461; *Gray* v. *Lewis*, L. R. [8 Ch. App.] 1035; *Hawes* v. *Oakland*, 104 U. S. 450; *Dannmeyer* v. *Coleman*, 11 Fed. Rep. 97; *Pellio* v. *B. H. C. Co.*, 231 Penn. St. 157; *Brewer* v. *Boston Theatre*, 104 Mass. 378; *T. Mfg. Co.* v. *Cox*, 68 Ala. 71; *Rathbone* v. *Gas Co.*, 31 W. Va. 798; *V. P. & P. Co.* v. *Fisher*, 104 Va. 121.) The complaint also fails to state a cause of action in that, while admitting that the plaintiffs acquired their 300 shares out of a total of 350,000 shares many years after the transactions complained of occurred, it does not allege that their predecessors in title had not acquiesced in the acts complained of, or that the stock had been purchased in good faith and not for mere vexatious purposes. (*Pollitz* v. *Gould*, 202 N. Y. 11; *Appleton* v. *A. M. Co.*, 65 N. J. Eq. 375; *I. G. L. Co.* v. *Treman*, 93 N. Y. 660; *Kingman* v. *R., W. & O. R. R. Co.*, 30 Hun, 73; *Belden* v. *Burke*, 147 N. Y. 542; *Dimpfell* v. *O. & M. Ry. Co.*, 110 U. S. 209; *Parsons* v. *Hayes*, 14 Abb. N. C. 419, 433; *Drake* v. *N. Y. S. W. Co.*, 26 App. Div. 499; *Kent* v. *Q. M. Co.*, 78 N. Y. 159; *Matter of S., etc., R. R. Co.*, 91 N. Y. 1.)

*J. Aspinwall Hodge, Stephen M. Yeaman* and *Alexander Holtzoff* for respondents. The pleadings fully and sufficiently allege facts which entitle the plaintiffs to act in a representative capacity and to bring this suit on behalf of the defendant corporation. (*Kavanaugh* v. *C. T. Co.*, 103 App. Div. 95.) Any demand upon the stockholders to institute an action would be useless since the stockholders have no such power. (*McCullough* v. *Moss*, 5 Den. 566; 3 Cook on Corp. § 740; *Railway Co.* v.

*Alling,* 99 U. S. 463; *Beveridge* v. *N. Y. E. R. R. Co.,* 112 N. Y. 122; *Conro* v. *P. H. Iron Co.,* 12 Barb. 27; *Gillette* v. *Noyes,* 92 App. Div. 313; *C. B. & S. Co.* v. *Dunsmore,* 60 N. H. 85; *Matter of S. M. B. Assn.,* 68 Cal. 392; *P. C. Co.* v. *M. B. Co.,* 115 U. S. 587; *Dana* v. *Bank of U. S.,* 5 W. & S. 223.) It is sufficient for a stockholder to make a demand on the officers or the board of directors to bring suit, and he need not wait for a special or general meeting of the stockholders, or go to the general body of the stockholders, before maintaining an action on behalf of the corporation. (*Greaves* v. *Gouge,* 69 N. Y. 154; *Flynn* v. *B. C. R. R. Co.,* 9 App. Div. 269; 158 N. Y. 493; *Wilkie* v. *R. & S. L. Ry. Co.,* 12 Hun, 242; *Robinson* v. *Smith,* 3 Paige, 222; *Sheridan* v. *S. E. L. Co.,* 38 Hun, 396; *Lowenstein* v. *D. S. W. Co.,* 94 App. Div. 383; *McCrea* v. *McClenahan,* 114 App. Div. 70; *Dudley* v. *A. Ins. Co.,* 115 App. Div. 380; *Averill* v. *Barber,* 6 N. Y. Supp. 255; *M. & C. R. R. Co.* v. *Woods,* 88 Ala. 630.) It is not necessary to allege in the complaint that neither the respondents nor their predecessors in title ever acquiesced in the transaction complained of. (*Zebley* v. *F. L. & T. Co.,* 139 N. Y. 461; *Sage* v. *Culver,* 147 N. Y. 241; *Grant* v. *Pratt,* 87 App. Div. 490; *Wheeler* v. *Millar,* 90 N. Y. 353; *Meyer* v. *Lathrop,* 73 N. Y. 315; *Williams* v. *Tilt,* 36 N. Y. 319.) The alleged defect in the complaint of failure to aver tender of the securities of the City Island and Pelham Park Railroad Companies does not constitute a valid ground for judgment on the pleadings. (*Edwards* v. *M. T. Co.,* 124 Fed. Rep. 381; *Stebbins* v. *Perry Co.,* 167 Ill. 567.)

CHASE, J. This is a representative action derived from the Interborough Rapid Transit Company. It is brought in behalf of the plaintiffs and all others similarly interested, as stockholders of said company, against the directors of said company and said company to require said

individual defendants to account to said company for fifteen thousand shares of its capital stock, alleged to have been issued fraudulently and illegally, and without any valid or adequate consideration therefor, but upon an alleged consideration that was a pretense and subterfuge and intended to cover a gift or bonus to the defendants Belmont and Luttgen, and their nominees, and also to require said individual defendants to account for the dividends which have been paid on said stock. It is alleged that by reason of the facts set forth in the complaint the defendant corporation has suffered damage to an amount exceeding $4,500,000. Each of the defendants answered the complaint, and after the answers were interposed, a motion was made for judgment upon the pleadings dismissing the complaint pursuant to section 547 of the Code of Civil Procedure, which motion was denied. An appeal was taken therefrom to the Appellate Division, where the order denying said motion was unanimously affirmed. Leave was granted by the Appellate Division to the defendants, other than the defendant company, to appeal to this court, and the following questions were certified:

1. Does the complaint state a cause of action?

2. Was the motion of the defendants for judgment against the plaintiffs on the pleadings rightfully denied?

As the opinion will not discuss the complaint generally, but only in connection with the objections that are made to it by the appellants in this court, it is unnecessary to state its provisions except as required in considering such objections.

It appears from the complaint that each of the plaintiffs purchased his stock subsequently to the transactions complained of in the complaint. This court in the recent case of *Pollitz* v. *Gould* (202 N. Y. 11) has definitely determined that a stockholder may bring an action in behalf of the corporation for the benefit of himself and all other stockholders, to set aside as fraudulent an

improper transaction consummated at the expense of the corporation before he acquired his stock.

It is alleged that the fifteen thousand shares of stock were issued pursuant to a resolution unanimously adopted by the directors of said company, of which the following is a copy, viz.: "Resolved that this Company do purchase of August Belmont & Company one thousand nine hundred and seventy-five (1,975) shares of the capital stock of the Pelham Park Railroad Company of the par value of twenty-five dollars ($25) per share; one thousand nine hundred and thirty-five (1,935) shares of the capital stock of the City Island Railroad Company of the par value of twenty-five dollars ($25) per share; and twenty-seven thousand five hundred dollars ($27,500) in the first mortgage bonds of the Pelham Park Railroad Company, for the sum of one million five hundred thousand dollars ($1,500,000) to be paid by the issue and delivery of fifteen thousand (15,000) shares of the par value of one hundred dollars ($100) each in the full-paid non-assessable capital stock of this company, to such persons and in such amounts as the said August Belmont & Company may direct; which said sum is also to cover full compensation to the said August Belmont & Company for their services in procuring the assignment of the contract between John B. McDonald and the City of New York aforesaid, the sale to this company of the stock of the Rapid Transit Subway Construction Company and the subscriptions to the remainder of the capital stock of this company."

It is further alleged that the statement in said resolution in substance that said fifteen thousand shares of stock was to be issued and delivered in part to cover full compensation for certain alleged services rendered by the defendants Belmont and Luttgen was a pretense and subterfuge designed and intended to cover up the real transaction which was (except as to the actual cost of said stock and bonds of said railroad companies, namely, $32,185.97) a gift or bonus to said defendants Belmont

and Luttgen and their nominees, of said stock in the defendant company.

The appellants assert that the complaint is fatally defective because it does not offer to return the stock and bonds described in said resolution. The action is not brought for a rescission of the contract with August Belmont & Company, but for an accounting. The plaintiffs are not in possession of said stocks and bonds and as individual stockholders are unable through no fault of theirs to return them. The plaintiffs do not bring this action because their rights have been directly violated or because the cause of action is theirs, or because they are entitled to the relief sought; they are permitted to sue in this manner simply in order to set in motion the judicial machinery of the court. (Pomeroy's Equity Jurisprudence, sec. 1095.) The court in the action can preserve and adjust the equities of the parties to it. (Thompson on Corporations [2d ed.], section 4568; Machen on Corporations, vol. 2, section 1179; *Kley* v. *Healy*, 127 N. Y. 555; *S. C.*, 149 N. Y. 346; *Pritz* v. *Jones*, 117 App. Div. 643; *Heckscher* v. *Edenborn*, 203 N. Y. 210.) The actual value of said stocks and bonds can be found in the action, and if equity requires it, the defendant corporation can be directed to return such stocks and bonds to said August Belmont & Co.

It was not necessary for the plaintiffs to allege in the complaint that their predecessors in title did not assent to or acquiesce in the alleged fraudulent issue of said fifteen thousand shares of stock.

It is not necessary to negative such assent or acquiescence in a fraud unless it is otherwise to be presumed from the delay in bringing the action or generally from the allegations of the complaint. If it exists it is a matter of defense. (*Sage* v. *Culver*, 147 N. Y. 241; *Pollitz* v. *Gould, supra.*) If the rule were otherwise the objection to the complaint would not avail the defendants in this case because the allegations of the complaint amount

to a negative of any assent by the plaintiffs or their predecessors in title to the transactions alleged in the complaint.

It is also claimed by the appellants that it does not appear from the complaint that the defendant corporation and its board of directors·were requested to bring suit to recover said fifteen thousand shares of stock or the value thereof, or that said corporation or said board of directors neglected or refused to bring such action.

It appears from the complaint that on the 12th day of March, 1910, the plaintiff corporation, then being the owner of the stock now owned by the two plaintiffs, delivered to the defendant corporation and to its officers and directors a written communication directed to said defendant corporation and its president and directors, calling attention to the fact of the issue and delivery of said fifteen thousand shares of capital stock for a grossly inadequate and illegal consideration, and requesting and demanding that suit be brought in behalf of the corporation and in good faith prosecuted against the incorporators of said company and members of its board of directors during the year 1902 and said firm of August Belmont & Co. to recover the damages suffered by reason of the action of the said incorporators and directors.

Said written communication also stated and provided as follows: "We hereby offer to properly indemnify the Interborough Rapid Transit Company against any damage or costs it may sustain as a result of bringing and prosecuting such suit. A copy of this letter is mailed to each director of the Interborough Rapid Transit Company. Unless within ten days from date you advise us that the request and demand herein will be complied with we shall conclude that you refuse." Thereafter the plaintiffs waited until May 4, 1910, when no action having been commenced and no response having been made to said written communication, this action was commenced.

Upon the facts so alleged the plaintiffs treated the

defendant corporation and its board of directors as having refused and neglected to bring such action and the allegations relating thereto are sufficient to sustain the complaint. (*Kavanaugh* v. *Commonwealth Trust Co.,* 103 App. Div. 95.) On this appeal as on the motion at the Special Term and on the hearing of the appeal in the Appellate Division the allegations of the complaint are taken as true.

It is conceded that an action in equity cannot be maintained by the plaintiffs as individual stockholders for themselves and all others similarly interested unless it is necessary because of the neglect and refusal of the corporate body to act.

It is necessary, therefore, in an action by the plaintiffs to set forth two things, *first,* a cause of action in favor of the corporation with the same detail of facts as would be proper in case the corporation itself had brought the action; *second,* the facts which entitle the plaintiff to maintain the action in place of the corporation. (*Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121; *O'Connor* v. *Virginia Passenger & Power Co.,* 184 N. Y. 46.)

It is not seriously contended that the complaint does not state a good cause of action in favor of the defendant corporation. It is insisted by the defendants that it was necessary for the plaintiffs in addition to alleging a demand upon the defendant corporation and its board of directors to bring the action and their neglect and refusal to do so, to allege that they had given notice of the alleged fraud to the body of stockholders of the defendant corporation and had demanded of said stockholders that some action be taken by them to redress the wrong, and that such body of stockholders had neglected and refused to take any action relating thereto. The cause of action belongs to the corporate body and not to the plaintiffs and other stockholders individually, nor to the body of stockholders collectively.

The board of directors represents the corporate body. It is provided by statute in this state that the affairs of every corporation shall be managed by its board of directors. (General Corporation Law, section 34.) The directors are not ordinary agents in the immediate control of the stockholders. The directors hold their office charged with the duty to act for the corporation according to their best judgment, and in so doing they cannot be controlled in the reasonable exercise and performance of such duty. The corporation is the owner of the property, but the directors in the performance of their duty possess it and act in every way as if they owned it. (*People ex rel. Manice* v. *Powell*, 201 N. Y. 194.) They are trustees clothed with the power of controlling the property and managing the affairs of a corporation without let or hindrance. As to third persons they are its agents, but as to the corporation itself, equity holds them liable as trustees. (2 Pomeroy's Equity Jurisprudence, sections 1061, 1073, 1088, 1097; *People ex rel. Manice* v. *Powell, supra.*)

The claim of the appellants that the body of stockholders has some immediate or direct authority to act for the corporation or to control the board of directors in the matters set forth in the complaint is based upon an erroneous conception of the duties and powers of the body of stockholders in this state. As a general rule stockholders cannot act in relation to the ordinary business of a corporation. The body of stockholders have certain authority conferred by statute which must be exercised to enable the corporation to act in specific cases, but except for certain authority conferred by statute, which is mainly permissive or confirmatory, such as consenting to the mortgage, lease or sale of real property of the corporation, they have no express power given by statute. They are not by any statute in this state given general power of initiative in corporate affairs. Any action by them relating to the details of the corporate business is necessarily

in the form of an assent, request or recommendation. Recommendations by a body of stockholders can only be enforced through the board of directors, and indirectly by the authority of the stockholders to change the personnel of the directors at a meeting for the election of directors. Such action may or may not result in securing adequate, corporate action with reference to illegal or fraudulent acts. For reasons wholly apart from the matter in dispute the stockholders may not desire to change a majority of the persons comprising its board of directors. Some of the reasons why the power vested in stockholders to elect directors is inadequate as a remedy for specific fraudulent acts are stated by Cook in his work on Stock and Stockholders, section 740, in which he says: "There has been considerable discussion as to whether the stockholder in addition to his request to the corporate officers to institute the suit, should not also be required to attempt to induce the stockholders in meeting assembled to take action by directing the directors to bring suit, or by refusing to re-elect them at the next election. The facts, however, that the stockholders in meeting assembled cannot control the discretion of the directors in bringing such a suit; that the remedy of refusing to re-elect them involves delay, and the assumption that a minority of the stockholders can by the election control such a suit; that irreparable injury or the vesting of great financial interests may occur in the meantime; and that laches may arise as a bar to the stockholder's suit, have settled the rule that the stockholder's request to the corporate directors to institute the suit is sufficient. He need not also apply to a stockholders' meeting." Although it is said that the authority of stockholders in the management of business corporations is exhausted when they elect the directors (Thompson on Corporations [2nd ed.], section 1178) nevertheless it is generally recognized that certain acts of boards of directors that are legal, but voidable, can be ratified and con-

2

firmed by a majority of the body of stockholders as the ultimate parties in interest and thus make them binding upon the corporation. (Morawetz on Corporations [2nd ed.], sections 625, 626.) Such recognized authority in stockholders to ratify and confirm the acts of boards of directors is confined to acts voidable by reason of irregularities in the make up of the board or otherwise or by reason of the directors or some of them being personally interested in the subject-matter of the contract or act, or for some other similar reason which makes the action of the directors voidable. No such authority exists in case of an act of the board of directors which is prohibited by law or which is against public policy. (*Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159.) In any case where action is taken by stockholders confirming and ratifying a fraud and misapplication of the funds of the corporation by the directors or others the action is binding only by way of estoppel upon such stockholders as vote in favor of such approval. (Morawetz on Corporations [2nd ed.], section 625.) The distinction between acts that can and those that cannot be confirmed and ratified is shown in the report of two frequently cited English decisions, namely, *Foss* v. *Harbottle* (2 Hare, 461) and *Bagshaw* v. *Eastern Union R'way Co.* (7 Hare, 114). The former of these cases was limited to the approval of a legal but voidable act. In the *Bagshaw* case where the directors of a corporation had misapplied or were about to misapply certain moneys of the corporation, the court say: "No majority of the share holders, however large, could sanction the misapplication of this portion of the capital. A single dissenting voice would frustrate the wishes of the majority. Indeed, in strictness, even unanimity would not make the act lawful. This appears to me to take it out of the case of *Foss* v. *Harbottle*, to which I was referred. That case does not, I apprehend, upon this point, go further than this: That if the act, though it be the act of the directors only, be

one which a general meeting of the company could sanction, a bill by some of the shareholders on behalf of themselves and others, to impeach that act, cannot be sustained, because a general meeting of the company might immediately confirm and give validity to the act of which the bill complains."

It is the governing body or bodies of a corporation with power to enforce a remedy to whom complaining stockholders must go with their demand for relief. The governing body of corporations in this state, as we have seen, is the board of directors. A complaining stockholder must go to such board for relief before he can bring an action, unless it clearly appears by the complaint that such application is useless. If the subject-matter of the stockholder's complaint is for any reason within the immediate control, direction or power of confirmation of the body of stockholders, it should be brought to the attention of such stockholders for action, before an action is commenced by a stockholder unless it clearly appears by the complaint that such application is useless.

The decision reported in *Hawes* v. *Oakland* (104 U. S. 450) and other similar decisions in the Federal and state courts are not in conflict with the decision about to be rendered herein. In such cases, as in this case, it is asserted that an application to the body of stockholders is unnecessary when it is unreasonable to require it. If the body of stockholders has no adequate power or authority to remedy the wrong asserted by the individual stockholders it is unreasonable and unnecessary to require an application to it to redress the wrong before bringing a representative action. (See opinion of CARR, J., in the Appellate Division herein, 150 App. Div. 298. See, also, *Delaware & H. Co.* v. *Albany & S. R. R. Co.*, 213 U. S. 435.)

In this case where the plaintiff alleges fraud and a substantial misappropriation of fifteen thousand shares of the stock of the corporation through a nominal purchase

of property and the payment of a pretended claim for services, application to the body of stockholders was not necessary.

It is claimed by the respondents that the complaint discloses such a state of facts as would dispense with the necessity of making any demand either upon the corporation, its board of directors, or the body of stockholders before bringing an action to recover for the company the value of the fifteen thousand shares of stock alleged to have been illegally and fraudulently issued to the individual defendants.

We have not considered the allegations of the complaint with reference to such claim of the respondents.

The order should be affirmed, with costs, and each of the questions certified answered in the affirmative.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and WILLARD BARTLETT, JJ., concur.

Order affirmed.