THE GREGG COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4648, 9923.    Promulgated January 7, 1932.

*Richard E. Dwight, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

84

86

88

OPINION.

Murdock: The record in these cases does not disclose the computation of the petitioner's invested capital used by the Commissioner in determining the deficiencies, and we do not know exactly what he has done as a result of the declaration of the dividend on May 11, 1918. It appears, however, from the statements attached to the deficiency notices, that he has reduced invested capital for each year to some extent on account of this dividend. The petitioner claims that the deficiencies result from the failure of the Commissioner, in determining invested capital, to treat the dividend as invested capital between the time of its attempted declaration and the time of its restoration. We will assume that this is what he has done.

There is a statement in the stipulation that " the remaining issues * * * other than the issue as to the legality of the dividend of May 11, 1918, are waived." The petitioner argues from this statement that the Board has only to determine whether or not the dividend was legal. However, the parties may not stipulate as to the law and, in our opinion, the real issue is, Did the dividend declaration serve to reduce surplus, and in this way justify the Commissioner in reducing invested capital? The petitioner contends that the attempted declaration was illegal and entirely ineffective, and in the alternative it contends that even if it were effective to some

extent it did not reduce invested capital by more than the amount of cash and securities actually paid to the stockholders after subtracting the amount of the checks which the stockholders paid to the corporation at the same time. It contends that the purported declaration of the dividend was void because no notice of the directors' meeting was given to the absent directors.

The management of a corporation, including the power to declare dividends, is vested usually in a board of directors. The members of the board are entitled as a general rule either to be present at its meetings or to receive notice thereof. However, the requirement of notice may be dispensed with in cases of emergency arising when directors are absent or inaccessible, and action taken under such circumstances is binding on the corporation and valid. See *Chase* v. *Tuttle*, 55 Conn. 455; 12 Atl. 874. Cf. *In re Kenwood Ice Co.*, 189 Fed. 525; *Porter* v. *Robinson*, 30 Hun (N. Y.) 209. If the meeting is a regular meeting, notice is presumed. *Porter* v. *Robinson, supra.* Directorate action taken without notice to absent directors, and under circumstances requiring such notice, is only voidable. *Chambers* v. *Sterling Automobile Mfg. Co.*, 163 N. Y. S. 574. Unless such action offends against the public or the rights of creditors are involved, it may be ratified by a majority of the stockholders of the corporation. *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7; 99 N. E. 138; *Continental Ins. Co.* v. *New York & H. R. Co.*, 187 N. Y. 225; 79 N. E. 1026; *Martin* v. *Niagara Falls Paper Mfg. Co.*, 122 N. Y. 165; 25 N. E. 303; *Remington & Son Pulp & Paper Co.* v. *Caswell*, 110 N. Y. S. 556. Moreover, where a corporation pays dividends which are informally declared, but the payment is not unlawful as an impairment of capital, a violation of the rights of creditors, or otherwise, the corporation may be estopped to deny the validity thereof. *Berryman* v. *Bankers' Life Insurance Co.*, 102 N. Y. S. 695. Subject to the same conditions, a corporation may be bound by informal action, where its practice is to allow its affairs, including the declaration of dividends, to be conducted informally. See *Thiry* v. *Banner Window Glass Co.*, 81 W. Va. 39; 93 S. E. 958; *Baker* v. *Smith*, 41 R. I. 17; 102 Atl. 721; *Kahn* v. *Colonial Fuel Corporation*, 198 N. Y. S. 596. A corporation may declare a dividend whenever it has surplus profits equal to or greater than the amount of the dividend. The fact that it does not have ready cash with which to pay does not render the dividend illegal. *Gilbert Paper Co.* v. *Prankard*, 198 N. Y. S. 25; *Cox* v. *Leahy*, 204 N. Y. S. 741. Upon the declaration of a dividend a corporation becomes the debtor of the stockholder for his proportionate part thereof, and the amount of the dividend is no longer a part of the company's assets. *W. E. Caldwell Co.*, 6 B. T. A. 47; *Zenith Milling Co.*, 8 B. T. A. 1279; affd. 41 Fed. (2d) 905; *Georgia Engineering Co.*, 21 B. T. A. 532.

A meeting of the petitioner's board of directors was held at 4 p. m. on May 11, 1918. William C. Gregg, the president, Louis D. Gregg, the secretary, and Hiram Merritt were present. They were three of the five members of the petitioner's board of directors. They owned 2,470 of the 3,000 shares of stock outstanding. At the meeting a dividend of approximately 293 per cent was declared. The dividend was paid in the manner heretofore stated. The other two directors were with the American Expeditionary Forces in France, and had no notice of the meeting. When they learned of the dividend action, one of them communicated his disapproval to William C. Gregg. After receipt thereof by the latter an annual meeting of the petitioner's stockholders was held, and a resolution was passed approving " all the acts of the directors and executive committee in the discharge of their duties since the last annual meeting of stockholders."

Under the above authorities the declaration of the dividend was not void. Indeed, in the light of the circumstances existing at the time; the nature of the business in which the petitioner was engaged; the inaccessibility of the absent directors, who beyond all reasonable probability would have been unable to attend; and the concession by both parties that the directors present at the meeting, constituting a quorum of the board, acted in good faith and according to their best judgment, we can not say that the action was not valid as an emergency measure. We are also unable to find that the meeting in question was not a regular meeting, in which case notice would be presumed.

In any event, the irregularity of the meeting made the declaration at most voidable. On July 15, 1918, after William C. Gregg had received word of Otis' disapproval of the dividend action, a stockholders' meeting was held at which no attempt was made to rescind or restore the dividend. On the contrary, a resolution was passed approving the acts of the directors. Cases are cited by counsel for the petitioner holding that directorate action can not be ratified by the same directors voting as stockholders. Those cases, however, deal with acts which result in a fraud on the corporation, its stockholders or creditors. They have no application to this case.

Furthermore, the petitioner is in no position to set up the invalidity of the action of May 11, 1918. It not only paid the dividend, but as a general practice it allowed its affairs to be conducted informally. At forty-six of the sixty-two directors' meetings held between July 15, 1910, and May 11, 1918, directors were absent without notice. It was not shown that notice was waived. Acquiescence in these informal methods implies ratification. *Berryman* v. *Bankers' Life Insurance Co., supra.*

Aside, however, from any question of estoppel or of ratification or acquiescence, either by the stockholders or the petitioner, its contention is without merit. The scheme of taxation under the various revenue acts has as its basis an annual accounting period. The tax must be computed in the light of facts as they exist during each such period, and a taxpayer is not permitted to await the final results of particular transactions in order to compute the amount of his tax. Since the declaration and payment of the dividend were at most voidable, we are of the opinion that the petitioner's invested capital was reduced, at least, until the dividend was restored. Cf. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *Ripley Realty Co.*, 23 B. T. A. 1246.

We can not agree with the petitioner's alternative contention that the action of May 11, 1918, was illegal or inconsequential at least to the extent of $445,000 because the petitioner did not have funds with which to pay that amount of the dividend. The case is distinguishable on its facts from *Eaton* v. *English & Mersick Co.*, 7 Fed. (2d) 54, and other cases upon which the petitioner relies.

The action of the Commissioner in connection with the only issue here raised is approved.

*Judgment will be entered under Rule 50.*