SEYMOUR HAYMAN and HARRY HAYMAN, Copartners Doing Business under the Firm Name and Style of SEYMOUR HAYMAN & COMPANY, Plaintiffs, *v.* DONALD C. BROWN and Others, and THE MEXICAN NORTHERN RAILWAY COMPANY, Defendants.

Supreme Court, Special Term, New York County, April 16, 1941

*Bijur & Herts*, for the plaintiffs.

*Van Vorst, Siegel & Smith [Alexander B. Siegel* of counsel], for the defendants.

HOFSTADTER, J.  The plaintiffs, minority stockholders of The Mexican Northern Railway Company, bring this derivative action to compel the dissolution of the corporation and the liquidation and distribution of its assets.

The Mexican Northern Railway Company is a New York corporation organized in 1890 under an act of the Legislature which authorized the formation of a corporation for the purpose of acquiring, constructing and operating railroads in foreign countries. (Railroad Law of 1890, see present Railroad Law, §§ 29, 30 and 31.) Shortly after its organization the corporation acquired a small railroad in Mexico which has since been in continuous operation except for the revolutionary period of 1912–1914.

For many years the railroad was operated at a substantial profit, but in recent years due to matters which are of public notice, its operation has resulted in an operating loss of approximately $18,200 annually.  However, this operating loss is more than compensated by the income from securities owned by the corporation. Thus, the corporation is entirely solvent, has no funded debt and apparently no immediate financial problems.

The plaintiffs urge that the continued operation of the railroad in effect is a waste of corporate assets as there is no real prospect of a change in the situation for the better; and that consequently the best interests of the stockholders will be served by a dissolution of the corporation.  On the other hand, the directors and officers are more confident of the future.  It is their judgment — which the court has no reason to doubt is genuine — that with the end of labor disturbances and with such improvement in Mexican conditions as may be reasonably expected, the railroad will again become highly profitable.

It is unnecessary to discuss or evaluate the niceties of the Mexican and International situation.  The law is clear.  The court may not interfere with the exercise of an *honest* business judgment of a board of directors; it will act only when confronted with fraudulent misconduct.  In the absence of an affirmative showing of bad faith or fraud, it is not the province of a court to determine business

policies of a corporation by substituting its judgment for that of directors charged with the responsibility of conducting the affairs of that corporation. (*Blaustein* v. *Pan-American Petroleum & Transport Co.*, 174 Misc. 601, 695.) The presumption of honesty of action and motive on the part of the defendant directors is not overborne by the evidence adduced at this trial.

The Mexican Northern Railway Company was organized expressly for the purpose of operating this railroad, and accordingly its directors, apparently with at least the *tacit* approval of the stockholders (except for these plaintiffs), are conducting the very business which the company was organized to conduct. In these circumstances, only a clear and convincing showing of bad faith or fraud would warrant the drastic relief sought. The record does not reflect either the necessity or the occasion for judicial intervention. (See *Gamble* v. *Queens County Water Co.*, 123 N. Y. 91, 99.)

In the final analysis no action by the court is indicated. This is not a case where the directors or a group of stockholders — through stock ownership — dominate and control the affairs of a corporation. There are outstanding 8,100 shares of preferred and 30,000 shares of common stock. This stock is widely held by 341 persons. No stockholder has a dominant interest; the largest holder (not an officer or director or a party to this action) owns about one-eighth of the preferred and about one-fifth of the common stock. The plaintiffs hold 100 shares of preferred and 588 shares of common stock. On the record here established it is for the *stockholders* to decide the future of the corporation. Sections 101 and 102 of the General Corporation Law provide a ready method for the dissolution of a railroad company where such action is desired by a majority of its stockholders. In this action there is no claim that the majority of the stockholders have acted in bad faith or indeed that any attempt to proceed under the provisions of the cited sections of the law has been rejected improperly by reason of bad faith. It would seem that the contentions here advanced by the plaintiffs are more appropriately to be addressed to the discretion of the stockholders. As no fraud is established, it is not for the court (assuming without deciding that it has any power in the premises) to initiate such proceeding at the behest of minority stockholders. " If the subject-matter of the stockholder's complaint is for any reason within the immediate control, direction or power of confirmation of the body of stockholders, it should be brought to the attention of such stockholders for action, before an action is commenced by a stockholder unless it clearly appears by the complaint that such application is useless."

*(Continental Securities Co.* v. *Belmont,* 206 N. Y. 7, p. 19.) At none of the annual meetings of the stockholders — and the plaintiffs attended those held since 1936 — was a motion made pursuant to section 102 of the General Corporation Law to require the directors to present a petition to the court for the dissolution of the corporation. The failure to take such obvious action and the further fact that only a small minority of the stock is represented in this suit, compels the inference that the majority of the stockholders are not in accord with the relief sought herein.

The fact that the corporation maintains offices in New York city and also in Mexico city is no ground for relief. It is required to do so both by the law of this State (Railroad Law, § 31) and the Mexican law. Nor is it established that the salaries received by the officers of the company are excessive.

Judgment for the defendant. Settle findings of fact and conclusions of law accordingly.