Van Voorhis, J.
The action is by a corporation to recover for misappropriation and waste of its assets by former officers, directors and others. The complaint has been dismissed on motion for summary judgment by defendants Pokrass, who formerly owned about 75% of the stock, in view of the circumstance that all of the wrongful acts are charged with having been committed prior to June 27, 1946, when one Joseph Sachs purchased the entire outstanding stock in this corporation, which he now holds. The action is thus brought entirely for the benefit of Sachs, except insofar as the rights of creditors might have been involved. The order appealed from permits the service of an amended complaint alleging that the action is maintained exclusively for the benefit of such creditors. Defendants Pokrass appeal from that part of the order which permits the service of such an amended complaint. These creditors, consisting of the United States Government and the State and City of New York, to which are owing delinquent taxes, are apparently otherwise protected and have manifested no interest in this litigation. If the summary judgment be sustained, dismissing the complaint insofar as the action is maintained for the benefit of Sachs as sole stockholder, the order may appropriately be modified so as to eliminate leave to serve an amended complaint, without prejudice to the right of these creditors to institute a derivative action for their benefit if they so elect.
We think that if it were the only question in the case, there would be a triable issue concerning whether there was unanimous ratification of these transactions by those who owned the stock when they occurred. The great majority of the stock purchased by Mr. Sachs was bought from former holders " alleged to have done the acts complained of, but there was one other former owner (Davis), and even if the inference were strong that he knew and acquiesced in what was going on, this inference is not so conclusive that the complaint could be dismissed upon that ground alone under the doctrine of ratification by unanimous consent (Kent v. Quicksilver Mining Co., 78 N. Y. 159).
The decisive consideration on this appeal is that the complaint was properly dismissed under section 61 of the General Corporation Law, in view of this provision: “ In any action brought by a shareholder in the right of a foreign or domestic corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law.”
*186 Sachs would have been prevented from bringing a stockholder’s derivative action by this clause in section 61. No longer may a stockholder litigate a purchased grievance. It is true that in Myer v. Myer (271 App. Div. 465, affd. 296 N. Y. 979), in upholding the application of section 61 to events occurring before its enactment but where the stock was transferred afterward, this court stated (p. 474): “ The rights of the corporation or any stockholder who held stock at the time of any activity complained of remained unaffected.” It is not necessary to decide now whether one who has bought a controlling stock interest may benefit from such a suit which he has succeeded in getting the corporation to commence, if he has not bought all of the outstanding shares after the occurrence of the transactions complained of. Assuming, arguendo, that such an action could be maintained by the corporation, and that such a stockholder would benefit pro rata, that would be at best an injustice which might be necessary to be suffered due to the complexities of corporate procedure. It does not follow that the action can be maintained if there are no other interests than his which could advantageously be affected by its prosecution. This point has been argued on behalf of plaintiff as though the sufficiency of section 61 as a defense to this action depended upon whether the luminous opinion written by Roscoe Pound, then a Commissioner of the Supreme Court of Nebraska, in Home Fire Ins. Co. v. Barber (67 Neb. 644) was law in this State before the enactment of section 61. That would seem to be immaterial, since the major premise of the Home Fire Ins. Co. case has become law in this State, in any event, since the adoption of section 61. Once that premise has been established, Pound’s conclusion follows irresistibly. Points v. Could (202 N. Y. 11) did hold that a shareholder is not precluded who bought his stock after the transaction of which he complains, but section 61 of the General Corporation Law, first enacted in its presentaa form in 1944 (L. 1944, ch. 667), changed the rule of Points v. Could (supra) in this respect to conform to Home Fire Ins. Co. v. Barber (supra). Other points decided in the Home Fire Ins. Co. case have always been the law in this jurisdiction. It was stated in the opinion, per Pound, C. (pp. 664 — 665): “ Conceding, then, that all of the present stockholders are so circumstanced that no relief should be afforded them in a court of equity, may the corporation recover, notwithstanding? We think not. Where a corporation is not asserting or endeavoring to protect a title to property, it can only maintain a suit in equity as the representative of its stock *187 holders. If they have no standing in equity to entitle them to the relief sought for their benefit, they can not obtain such relief through the corporation or in its own name. Arkansas River Land, Town & Canal Co. v. Farmers’ Loan & Trust Co., 13 Colo., 587, 22 Pac. Rep., 954; Des Moines Gas Co. v. West, 50 Iowa, 16; Schilling & Schneider Brewing Co. v. Schneider, 110 Mo., 83,19 S. W. Rep., 467; Flagler Engraving Machine Co. v. Flagler, 19 Fed. Rep., 468; Parsons v. Hayes, 14 Abb. N. Cas. [N. Y.], 419; Langdon v. Fogg, 14 Abb. N. Cas. [N. Y.], 435. It would be a reproach to courts of equity if this were not so. If a court of equity could not look behind the corporation to the shareholders, who are the real and substantial beneficiaries, and ascertain whether these ultimate beneficiaries of the relief it is asked to grant have any standing to demand it, the maxim that equity looks to the substance and not the form would be very much limited in its application. ’ ’
The same principle, that a suit cannot be brought by a corporation for the benefit of its stockholders, all of whom would be estopped from instituting it themselves in the corporation’s behalf, was pronounced long ago by the Court of Appeals in Kent v. Quicksilver Mining Co. (78 N. Y. 159, supra) and since then has been consistently followed (Sheldon Hat Blocking Co. v. Eickemeyer Hat Blocking Mach. Co., 90 N. Y. 607, 613; Martin v. Niagara Falls Paper Mfg. Co., 122 N. Y. 165, 173; Burden v. Burden, 159 N. Y. 287, 304; Markson v. Marks on’s Furniture Stores, 267 N. Y. 137, 143).
If a corporation may not recover due to the fact that all of the “ stockholders are so circumstanced that no relief should be afforded them in a court of equity ”, quoting from the opinion by Pound in the Nebraska case (p. 664), it makes little difference whether they have become so circumstanced due to having ratified unanimously the acts of officers and directors, purchased their shares after unanimous ratification had taken place by former stockholders, or whether all of the stockholders would be prevented from suing by section 61 of the G-eneral Corporation Law on account of having purchased their-shares subsequent to the time of the otherwise actionable transactions. In both of the first two instances, it is traditional that no suit can be maintained by the corporation under the New York State decisions. The same reasoning dictates that the corporation should also be precluded from recovering for the benefit of its stockholders, when they are unanimously estopped from instituting the suit themselves by section" 61.
*188 Plaintiff’s argument is without foundation that the Kent case (supra) has no application where waste and misappropriation would amount to fraud against the corporation. Manifestly, unanimous ratification by stockholders implies that they shall all know and consent, expressly or by implication, to the corporation’s being deprived of the assets involved, but whether the limits of this rule have been exceeded in cases of unanimous consent depends upon violation of public policy or of rights of creditors, not upon whether the corporation has been defrauded by misappropriation or waste by its officers and directors, or would have been defrauded if all of the stockholders had not known and acquiesced in what took place. The stockholders can do what they will with their own, unless creditors or the public are adversely affected. The decisions cited in plaintiff’s brief in support of the proposition that a director’s fraud is not capable of ratification, are readily distinguishable (Continental Securities Co. v. Belmont, 206 N. Y. 7; Pollitz v. Wabash, R. R. Co., 207 N. Y. 113; Quintal v. Kellner, 264 N. Y. 32; Heller v. Boylan, 29 N. Y. S. 2d 653). In each of them it was held that such acts cannot be ratified by a majority of the stockholders of a corporation. It is axiomatic that a minority cannot be allowed to be injured without their acquiescence by fraud or other misconduct resulting in personal profit to officers, directors or others, even if such defalcation is approved by the majority, but it is otherwise if it is approved by all of the shareholders. This is made clear in the portion of the opinion in Continental Securities Co. v. Belmont (supra) on which plaintiff relies, which states (p. 18), “ In any case where action is taken by stockholders confirming and ratifying a fraud and misapplication of the funds of the corporation by the directors or others the action is binding only by way of estoppel upon such stockholders as vote in favor of such approval.” The inference is clear, as has been held in many other cases, that if the stockholders unanimously confirm and ratify, the corporation is bound. In none of the cases cited by plaintiff was there unanimous stockholder ratification.
It should be repeated that the ground upon which dismissal of the complaint by Special Term is being upheld is not that it has been proved beyond a triable issue that all of the former stockholders did ratify these transactions, but that the situation is the same as though ratification by all the stockholders had taken place. The present stockholder, who has bought all of the shares in the corporation since these events occurred, is in the same situation as though all of the previous stockholders *189 had ratified, and the effect upon the corporation should be held to be the same. The point is, that just as the courts of this State have long held that a corporation cannot sue where recovery would inure only to the benefit of stockholders none of whom could institute a derivative action due to ratification or estoppel, so now, under the same principle, a corporation cannot prosecute an action in which recovery would be for the sole benefit of stockholders all of whom would be precluded from instituting a derivative action by section 61 of the General Corporation Law.
It was held in Shielcrawt v. Moffett (294 N. Y. 180) that section 61-b of the General Corporation Law (in pari matéria with section 61) was not merely procedural but substantive in nature, so as not to be applicable to pending actions.
The order appealed from should be modified so as to eliminate the condition upon the granting of the motion for summary judgment in favor of defendants Pokrass, that plaintiff serve an amended complaint, and as so modified the said order granting summary judgment to defendants Pokrass dismissing the complaint should be affirmed, with costs to appellants Pokrass, but without prejudice, as above stated, to the commencement of a derivative action or actions by creditors of plaintiff corporation for their own benefit if they or any of them so elect.