**STEINBERG et al. v. HARDY et al.**

Civ. A. No. 2806.

United States District Court
D. Connecticut.
March 24, 1950.

See also 90 F.Supp. 171.

Harry Tulin, Hartford, Conn., Abraham Marcus, New York City, of counsel, for plaintiffs.

Wiggin & Dana, by Frank E. Callahan, New Haven, Conn., for defendants Hardy & Buckley.

Thompson, Weir & MacDonald, by Curtiss K. Thompson, New Haven, Conn., for defendants Barium Steel Corporation and Central Iron & Steel Co.

HINCKS, Chief Judge.

This is a secondary action under Rule 23(b), Federal Rules of Civil Procedure, 28 U.S.C.A., by two alleged stockholders of Barium Steel Corp. ("Barium") a Delaware corporation, naming as defendants Barium, Central Iron and Steel Co. ("Central"), which is a Pennsylvania corporation wholly owned by Barium, Hardy who was a Barium director and one Buckley both of whom are citizens of Connecticut. The complaint alleges that the corporate defendants for the benefit of which the action is brought were mulcted through fraudulent transactions in which the individual defendants participated.

The individual defendants have moved to dismiss principally for non-compliance with the requirement contained in the final sentence of Rule 23(b) that the complaint "set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, *if necessary, from the shareholders such action as*" the plaintiff desires and "the reasons for his failure to obtain such action or the reasons for not making such effort." Since three out of Barium's five directors were alleged to have directly participated in the challenged transaction it was obvious that a demand on the Barium directors would have been futile and the pending motion is not based on the absence of such a demand. Rather the claim is that the complaint is fatally defective for failure to show effort to obtain *stockholder action* or satisfactory explanation for the absence of such effort.

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 556, 69 S.Ct. 1221, 1230, recognizes that the requirements of Rule 23(b) "neither create nor exempt from lia-

bilities" and that since they are not in conflict with the local substantive law they may "be observed by a federal court, even if not applicable in state court." But the case holds that under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, where stockholders in a derivative action seek to enforce liabilities created by the law of the State a federal court having jurisdiction only because of diversity of citizenship must enforce the liabilities created by the law of the State. This holding is pertinent here: the law of the State must determine the extent to which an effort to obtain stockholder-action is a condition precedent to the maintenance of a derivative action but the federal rule will determine the necessity of pleading that effort and the requisite particularity of the pleading.

This court, of course, having a jurisdiction coterminous with the State of Connecticut, under the Erie doctrine should look to the courts of Connecticut for the applicable substantive law. But the precise point involved—the need of effort to obtain remedial action by the stockholders of a Delaware corporation—seems never to have come before a Connecticut court. I must, therefore, myself ascertain the law, looking to the same sources which a Connecticut court would scan if presented with the question.

It is clear that a Connecticut court would attempt to apply the law of Delaware, where Barium was incorporated. Union & New Haven Trust Co. v. Watrous, 109 Conn. 268, 276 et seq., 146a. 727; State ex rel. Gilbert Eliott v. Lake Torpedo Boat Co., 90 Conn. 638, 642, 98a. 580, L.R.A. 1916 F. 1033; Restatement, Conflict of Laws, Sec. 183; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Beneficial Industrial Loan Corp. v. Smith, 3 Cir., 170 F.2d 44, 50; Moore's Fed.Prac., 2d Ed., Vol. 3, Sec. 23.19. I turn, therefore, to consider the relevant law of Delaware. First of all, it should be noted that under Sec. 9 of the General Corporation Law of that State, Rev. Code 1935, § 2041, the

stockholders as a body have no power to bring suit on behalf of the corporation: that power, as an incident to the general powers of management, is confided to the Board of Directors. And in the case of Sohland v. Baker, 15 Del.Ch. 431, 141 A. 277, 282, 58 A.L.R. 693, the Supreme Court of Delaware cited with approval Hawes v. City of Oakland, 104 U.S. 450, 460, 26 L.Ed. 827, for the proposition that a stockholder may institute and conduct the litigation in behalf of the corporation only on a showing "that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity with his wishes." And the Delaware court then went on to say that "the corporation, having refused to institute proceedings, *the only way* that its rights could be brought before the court was by a bill filed by a stockholder." Surely it is significant that the Delaware court did not say, as Barium now urges me to say, that the plaintiff stockholder, to exhaust his remedies within the corporation, must first make demand upon the general body of stockholders, or must present his contentions at a meeting of stockholders, or by stockholder-action must first seek to oust the hostile directors alleged to be responsible for a wrong to the corporation. That such, indeed, was not the tenor of Delaware law is implicit in the case of Eshleman v. Keenan in the Delaware Court of Chancery, 21 Del.Ch. 259, 187 A. 25. It there appeared that the transactions complained of were submitted to stockholders but only belatedly and not until the trial was well under way, thus importing that there was no demand on stockholders before action brought. Yet the plaintiff stockholder had judgment which was sustained on appeal. Keenan v. Eshleman, 23 Del.Ch. 234, 2 A.2d 904, 120 A.L.R. 227.

The foregoing are the only expressions of Delaware courts bearing on the need, or absence of need, for demand on stockholders which, even with the aid of counsel, I have been able to find. If these cases were deemed not to control the point, a Connecticut court would doubtless look to the state of the law elsewhere. On the basis of such a survey I should expect it to conclude that

the law of Delaware is as stated in Continental Securities Co. v. Belmont, 206 N.Y. 7, 99 N.E. 138, 51 L.R.A., N.S., 112, Ann.Cas. 1914A, 777. My belief that this opinion would be deemed applicable is supported by the high repute of the court from which that opinion emanated, by the inherent reasonableness of the opinion and the thorough discussion of the subject-matter, and the wide-spread acceptance of its doctrine throughout the country. It is also worth noting that the opinion has been cited a number of times in Delaware decisions, always with approval even though not for its application to the precise point now under consideration. See Harden v. Eastern States Public Service Co., 14 Del.Ch. 156, 122 A. 705, 707; Loft, Inc. v. Guth, 23 Del. Ch. 138, 2 A.2d 225, 246; Keenan v. Eshleman, supra. And in Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, the Court of Appeals for the Third Circuit not only cited the Belmont doctrine as applicable to a Delaware corporation but affirmed on the merits a judgment on certain transactions in which a Delaware corporation was involved as set forth in a stockholders' complaint in which, as appeared in the opinion below, 41 F.Supp. 334, there was allegation of demand on neither directors nor stockholders. And it is altogether clear, indeed it is apparently conceded by Movants' counsel, that if the Belmont doctrine is applicable, Movants' position on this point is untenable.

■ Counsel for Movants argues with considerable plausibility that the rule of Hawes v. City of Oakland, 104 U.S. 450, 26 L.Ed. 827, providing that an aggrieved stockholder must exhaust available remedies within the corporation before bringing a derivative action—a rule which I think is inherent in the law of Delaware—fails to mesh with the rule of the Belmont case which dispenses with stockholder demand in cases in which the fraud complained of is one not susceptible of ratification by a majority of the stockholders. The argument, however, overlooks the fact that both the Hawes and Belmont cases support the fundamental principle that litigation over intra-corporate relationships and transactions shall be held to a minimum. This broad ob-

jective, as both these cases envisage, may be achieved by permitting a derivative action by stockholders only when it is shown (1) that for the grievance in question there is no intra-corporate remedy reasonably available and (2) that the elimination of the grievance itself as a cause of action through stockholder ratification is not still a possibility. That the Hawes case envisaged this second requirement, as well as the first, is plainly apparent from its closing observation that there "the great body of stockholders * * * in California may * * be content to abide by the action of their directors" and consequently, by ratification, validate the transaction complained of by the plaintiff. The case here differs vitally from Hawes v. City of Oakland in that the transactions here complained of were not susceptible of ratification under controlling state law (Delaware). Rosenthal v. Burry Biscuit Corp., Del.Ch., 60 A.2d 106; Eshleman v. Keenan, supra; Toebelman v. Missouri-Kansas Pipe Line Co., supra; Wyles v. Campbell, D.C., 77 F.Supp. 343; Holthusen v. Edward G. Budd Mfg. Co., D.C., 52 F.Supp. 125. Thus here there is shown to be no possibility of ratification by stockholders which might, *in limine,* eliminate the ground for suit.

Counsel for Movants cite several federal cases which seemed to support a need for stockholder demand. But several of these citations contain insufficient statement of the facts to enable one to define the holding. And none of these cases were decided subsequent to Cohen v. Beneficial Loan Corp., supra, and none turned upon the law of Delaware. None of them may be viewed as authoritative here.

In this connection, Movants call attention to Rule X-14A-8 of Regulation X-14 of the Securities and Exchange Act. But this rule provides no remedy for a non-ratifiable wrong: at most it provides a procedure whereby a complaining stockholder may ascertain whether a ratifiable transaction will be ratified by a majority of the stockholders. It thus can have no application here where the challenged transactions were non-ratifiable.

■ Other points raised by Barium require little discussion. First, there is the

contention that the plaintiffs for lack of record title to Barium stock are without capacity to sue. That this is a point to be decided by the law of Delaware, Movants concede. I agree. Gallup v. Caldwell, 3 Cir., 120 F.2d 90; 3 Moore's Fed.Prac., 2d Ed., Sec. 23.17. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, also tends to support this view. An equitable owner, under Delaware law, may bring a derivative action. Rosenthal v. Burry Biscuit Corp., Del.Ch. 1948, 60 A.2d 106. This holding, under the doctrine of the Erie case and of West v. American Tel. & Tel. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956, must be taken to supersede any earlier ruling of the federal courts looking the other way. And one such federal holding cited by Movants, Bankers National Corp. v. Barr, D.C., 7 F.R.D. 305, was expressly rejected as an accurate statement of Delaware law in the opinion in the Burry Biscuit case.

The defendant's contention that the record owners of plaintiffs' stock are indispensable parties is equally without merit. The affidavits show that plaintiffs' stock, or most of it, was purchased by plaintiffs long before action brought, street certificates therefor having been issued and retained by plaintiffs' brokers, for convenience and not as security. Surely, a registered stockholder who has endorsed his certificate in blank and transferred the same for sale may not be held to be an indispensable party to an action brought in behalf of all stockholders by his successor in interest, even though the latter's ownership has not yet been registered. This question too is, ultimately, one as to the corporation law of Delaware. Movants cite no Delaware authority. On the other hand, it may be noted that in the Burry Biscuit case the Delaware court was well content to proceed in the absence of the registered owner as a party.

And, lastly, there is no room for Movants' claim that, since Central is an indispensable party, the action must be dismissed because Central was not effectively served. This is so because by memorandum and order of even date, I have sustained the service on Central.