133 A.2d 138 (1957)
Lillie S. MAYER, Plaintiff,
v.
Kenneth S. ADAMS, H. M. Addinsell, F. W. Begrisch, T. S. Gay, P. J. Parker, Paul Endacott, Rayburn L. Foster, A. M. Hughes, J. L. Johnston, W. W. Keeler, H. E. Koopman, Stanley Learned, C. R. Musgrave, Phillip R. Phillips, W. C. Smoot, B. F. Stradley, R. W. Thomas, G. P. Dimit, Don Emery, G. G. Oberfell, F. E. Rice, Charles A. Lemp, Eugene E. DuPont, Phillips Petroleum Company, Kenneth S. Adams, Jr., and Ada Oil Company, Inc., Defendants.
Court of Chancery of Delaware, New Castle.
June 14, 1957.
Clarence W. Taylor and Stewart Lynch, Wilmington, for plaintiff.
Robert H. Richards, Jr., and Stephen E. Hamilton, Jr., Wilmington, and Clark Clifford (of Clifford & Miller), Washington, D. C., for Phillips Petroleum Co. and all individual defendants other than Eugene E. DuPont, Charles A. Lemp and Kenneth S. Adams, Jr.
Edwin D. Steel, Jr., and Harvey S. Kronfeld, Wilmington, for defendant Ada Oil Co., Inc.
MARVEL, Vice Chancellor.
Plaintiff, who claims to be the owner of 100 shares of the capital stock of Phillips Petroleum Company and to have been a Phillips stockholder since "in or about" 1943, brings this action on behalf of herself and all other stockholders similarly situated against Ada Oil Company, Inc., its president, Kenneth S. Adams, Jr., and the officers and directors of Phillips Petroleum Company holding office during the period from 1947 to the date of the filing of the complaint.
Plaintiff complains that since 1947 or thereabouts the officers and directors of Phillips Petroleum Company have caused and allowed their corporation to transact business with the defendant, Ada Oil Company, Inc., on terms detrimental to or not *139 in the interest of Phillips. It is alleged that these business arrangements were not only not the best available to Phillips but were arranged for the benefit of Ada and its president, Kenneth S. Adams, Jr. All the Phillips directors in office from 1947 to the date of the complaint, other than Kenneth S. Adams, are alleged to have been so dominated by Adams, a director, former president and now chairman of the board of Phillips, that they went along with a conspiracy developed by Adams and his son "in or about the year 1947" for the purpose of benefiting Ada. Relief is sought in the form of an accounting and the impressing of a trust on moneys and properties received by the defendants or any of them as a result of the transactions complained of or in the alternative rescission of such transactions.
This being a shareholder's action to enforce a secondary right, plaintiff met the requirements of Chancery Rule 23(b), Del. C.Ann. by alleging in paragraph 8 of the complaint:
"8. That all of the members of the Board of Directors of Phillips, at the time of the commencement of this action, are named as defendants and are herein alleged to be persons who have been responsible for, have approved and ratified, the wrongful, wilful and illegal acts, omissions and other matters complained of herein. For that reason plaintiff has not requested the Board of Directors of Phillips to bring this action against the defendants named herein for the relief requested herein since any such request would have been useless and unavailing."
The individual defendants and Ada have attacked certain parts of the complaint on the grounds of alleged factual insufficiencies, four individual defendants relying on the statute of limitations have moved for dismissal as to them and all appearing defendants have moved to dismiss under Rule 12(b) (6) on the grounds that the complaint fails to comply with a procedural requirement of Rule 23(b). This requirement reads as follows:
"The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."
Prior to the adoption of Rule 23(b) Delaware did not require a stockholder plaintiff to make any effort to secure action from other stockholders as a prerequisite to bringing a derivative suit, Sohland v. Baker, 15 Del.Ch. 431, 141 A. 277, 58 A.L.R. 693, and it has been stated or assumed in certain federal cases that such is the substantive law of Delaware and controlling, Toebelman v. Missouri-Kansas Pipe Line Co., D.C. Del., 41 F.Supp. 334; Steinberg v. Hardy, D.C.Conn., 90 F.Supp. 167; Steinberg v. Adams, D.C.S.D.N.Y., 90 F.Supp. 604. Plaintiff contends that the substantive corporate law of Delaware differs in such regard from that of Massachusetts for instance (See Carroll v. New York N. H. & H. R. R., D.C.Mass., 141 F.Supp. 456) and that a mere procedural requirement cannot modify or limit a stockholder plaintiff's secondary right under Delaware law to enlist this Court's aid in rectifying a fraudulent wrong claimed to have been suffered by his corporation at the hands of its directors. It is apparently conceded that demand on the directors would be futile under the circumstances related in the complaint. Defendants insist, however, that inasmuch as Rule 23(b) is clearly procedural, plaintiff must meet its terms as to intra-corporate efforts with his fellow stockholders regardless of substantive corporate rights, and that the Delaware principle of law that a gift of corporate assets may not be made over the objection of a single stockholder should not be applied in a manner that would nullify a rule of procedure.
The theory behind the part of Rule 23 (b) here involved, namely that a stockholder *140 should exhaust his remedies within the corporate body before being allowed to sue derivatively, was discussed as early as 1843 in the English case of Foss v. Harbottle, 2 Hare 461, 67 Eng.Rep. 461, and was accepted by the Supreme Court in 1882 in the case of Hawes v. Oakland, 104 U.S. 450, 26 L. Ed. 827. Thereafter that Court's thinking on the subject was promulgated in rule form, first in Federal Equity Rule 94, later in Federal Equity Rule 27, 28 U.S.C.A. Appendix, and finally in 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The portion of Chancery Rule 23(b)[1] here involved repeats verbatim language of the present Federal Rule, and I am satisfied that it lays down a procedural requirement as does its federal counterpart.
Rules governing the Court of Chancery of the State of Delaware were adopted by the Chancellor on December 29, 1947, effective January 1, 1948. They were adopted pursuant to rule making power now found in § 361(c) of Title 10 Del.C., a power[2] which cannot be seriously questioned. Rule 1 states that the rules shall govern the procedure in this Court with exceptions not here relevant, and the particular portion of Rule 23(b) with which we are here concerned governs the manner in which this particular type of action shall be brought.
The Rule does not and could not alter substantive rights such as the nature or quantum of recovery for the corporation after the establishment of liability but it does create procedural requirements which did not exist in Delaware equity practice prior to January 1, 1948. Compare Escoett v. Aldecress County Club, 16 N.J. 438, 109 A.2d 277. This being so, the critical question for me to determine is when a stockholder seeking to enforce a secondary right must state with particularity efforts made to obtain from his brother stockholders such action as he desires, the reasons for failure to obtain such action from them or the reasons for not making such an effort. A showing of corrective effort insofar as stockholders are concerned, or reasons excusing such effort, obviously would be necessary where there is no board of directors or where stockholders have direct managerial powers,[3] but these situations are not shown to exist here.
There is no doubt but that Phillips has a board and that such board is charged with managerial duties. Defendants contend, however, that inasmuch as plaintiff has sought to fix responsibility for the acts complained of on all top executive officers and directors of Phillips in office since 1947, stockholder action must be sought, or the absence of effort to enlist such excused because no board of directors and the existence of an interested board are one and the same thing. While defendants cite authority[4] to support this proposition, I cannot accept it as a general principle applicable here.
*141 There is more persuasive authority, however, to the effect that demand on the stockholders is necessary even where there is a duly constituted but interested board because the stockholders by appropriate action might either supplant such a board or perhaps choose not to sue, Escoett v. Aldecress Country Club, supra, Pomerantz v. Clark, supra, and the expense and inconvenience involved in appealing to many stockholders have been stated to be no excuse for not making the effort, Bruce & Co. v. Bothwell, D.C.S.C.N.Y., 8 F.R.D. 45.
In the case of Eshleman v. Keenan, 21 Del.Ch. 259, 187 A. 25, 27, affirmed 23 Del.Ch. 234, 2 A.2d 904, 120 A.L.R. 227, however, both the Chancellor and the Supreme Court stated: "* * * it is not in the power of a majority of the stockholders to deprive the minority of their right to insist upon a rectification * * *" of acts amounting to a gift of corporate assets. While this principle would appear to make demand[5] on stockholders of a Delaware corporation in many cases of alleged director fraud futile, yet rectification might be obtainable in certain such cases by intracorporate action with or without a corporate suit. Rectification is not synonymous with ratification, a point not considered in Steinberg v. Adams, supra.
The acts here complained of originated "in or about 1947" according to the complaint. Plaintiff makes no allegation that the defendant directors have controlled corporate voting, there is no averment as to urgency and there is no explanation as to why corrective action by the general body of stockholders has not been secured or at least sought in the intervening years.
Plaintiff would have the Court emasculate Rule 23(b) by making the part here involved applicable in a Delaware case of alleged director fraud only where there is no board as such. Compare Watts v. Vanderbilt, supra. I am not satisfied that the Rule should be so narrowly circumscribed in view of the history of its federal prototype. It should operate in a practical, flexible manner. Properly applied it should not immunize corporate officers and directors from accounting to their stockholders in a proper case, however, a complaint must state with particularity the intracorporate effort made under the Rule or the reasons for not making such effort.
Plaintiff's complaint in my opinion does not satisfy the requirements of Rule 23(b) and defendants' motions to dismiss it will be granted.
On notice, an order to such effect will be entered.
NOTES
[1] The first requirement of Rule 23(b) is also foreshadowed in the case of Hawes v. Oakland, supra.
[2] This power now rests in authority granted by the Constitution of Delaware, Art. 4, § 13 Del.C.Ann. subject to exercise of the power of a majority of the Justices of the Supreme Court to adopt rules for any or all Courts of the State.
[3] § 141(a) Title 8 Del.C. provides: "The business of every corporation organized under the provisions of this chapter shall be managed by a board of directors, except as hereinafter or in its certificate of incorporation otherwise provided." § 141 (c) provides for delegation of directorial duties to committees of directors by resolution of the board.
[4] In Pomerantz v. Clark, D.C.D.Mass., 101 F.Supp. 341, 344, the Court stated that a minority policy holder seeking to enforce a corporate claim must first seek out the directors, or if they are disqualified an appeal must be made "* * * to the members as a body as the appropriate tribunal to decide not only if a derivative claim has merit but if the corporate welfare is best promoted by suing upon it * * *." In Watts v. Vanderbilt, 2 Cir., 45 F.2d 968, also cited by defendants on this point, a board as such had not in fact functioned for a period of five years prior to suit.
[5] The case of DuPont v. DuPont, D.C. Del., 242 F. 98, Id., D.C.Del., 246 F. 332, Id., 3 Cir., 256 F. 129, cited by the defendant, Ada Oil Company, Inc., for the proposition that stockholders are competent to act when directors are disqualified was in its corporate law aspects primarily concerned with New Jersey statutes and apparently was not a "fraud" case in the strict sense in which that word is used in corporate suits.