RALPH B. CAMPBELL,
Plaintiff,

*vs.*

LOEW'S INCORPORATED, a Delaware corporation, JOSEPH R. VOGEL, WILLIAM A. PARKER, GEORGE L. KILLION and JOHN L. SULLIVAN,
Defendants.

*New Castle, September 3, 1957.*

*Henry M. Canby,* of Richards, Layton & Finger, and *Arthur G. Logan* and *Aubrey B. Lank,* of Logan, Marvel, Boggs & Theisen, Wilmington, and *Milton S. Pollack,* New York City, for plaintiff.

*David F. Anderson,* of Berl, Potter & Anderson, Wilmington, and *Louis Nizer,* of Phillips, Nizer, Benjamin & Krim, New York City, and *Benjamin Melniker,* New York City, for corporate defendant.

SEITZ, Chancellor: Plaintiff, a stockholder of Loew's Incorporated ("Loew's" or "corporation"), here sues the corporation and four of its nine encumbent directors. The four constitute the so-called "Vogel faction". The other five directors, there being four vacancies, constitute the so-called "Tomlinson faction". See *Tomlinson v. Loew's, Inc., supra p.* 516, 134 *A.2d* 518 (appeal pending). The two factions are fighting for control of the corporation.

Plaintiff seeks the following relief:

(a) to require the individual defendants to account for money they have caused the corporation to pay for solicitation of proxies on their behalf in connection with a stockholders' meeting called by Vogel, the president, for September 12.

(b) to restrain the defendants, their officers and agents from using the corporate funds in the solicitation of proxies by two of the individual defendants (Vogel and Killion) and their associates and from using or allowing corporate officials or employees to solicit proxies for the individual defendants or anyone associated with them.

(c) to have the Court enjoin the holding of a stockholders' meeting called for September 12, 1957, on the ground that it was illegally called.

The individual defendants have not yet appeared in this action. A motion to dismiss the complaint was made by the corporation on the ground that the action is derivative in nature and fails to comply with *Chancery Rule* 23(b), *Del.C.Ann.* Plaintiff has moved for a preliminary injunction enjoining the holding of the special meeting of stockholders and enjoining the use of proxies solicited pursuant to a letter to stockholders dated August 9, 1957. Alternatively, plaintiff asks that the stockholders' meeting be stayed or adjourned until such time as the Court can decide the preliminary injunction.

I first consider the corporate defendant's motion to dismiss on the ground that it fails to comply with *Chancery Court Rule* 23(b).

Insofar as pertinent *Rule* 23(b) provides:

"In an action brought to enforce a secondary right on the part of one or more shareholders * * * because the association refuses to enforce rights which may properly be asserted by it, * * * The Complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

█ While I seriously doubt that all aspects of the pending action are derivative in nature, I shall pass over that point. Admittedly the action is derivative insofar as it seeks to recover corporate money already spent for proxy solicitation by at least one of the individual defendants.

The brief filed in support of the motion to dismiss makes no particular attempt to analyze the complaint in relation to the provisions of *Rule* 23. Thus, the Court must do so.

It is alleged as follows in Paragraph 22 of the Complaint:

"Plaintiff has not requested the Board of Directors, nor stockholders, to make Vogel account, as he will not recognize the authority of the Board of Directors and is now in the process of soliciting stockholders with corporate funds, which the plaintiff is unable to stop. Plaintiff knows of no way through request, Board or stockholder action, that the Vogel group can be stopped from illegally spending the $100,000."

Obviously, plaintiff's allegation is an attempt to justify the fact that no demand was made for an accounting. In other words, in the language of the Rule, plaintiff purports to give the reasons for not making an effort to have the directors or stockholders take the action he has taken.

On a motion to dismiss, the allegations of the complaint must be taken to be true. Do the quoted allegations in combination with the other allegations of the complaint constitute compliance with the pleading requirements of *Rule* 23(b)?

Clearly, if Vogel will not recognize the board then it is futile to ask the board to act under the circumstances of this strange case. Admittedly, the Vogel faction will not attend board meetings and so no quorum is possible. The result is that the board as a board cannot act. I conclude that plaintiff's complaint shows with sufficient particularity and reason why no demand was made upon the board.

Clearly the stockholders could not act in time to prevent the defendants from spending corporate funds as indicated in the proxy statement. Moreover, absent unanimous approval the stockholders could not ratify the spending of corporate funds for an allegedly invalid purpose. Compare *Kerbs v. California Eastern Airways*, 33 *Del.Ch.* 69, 90 *A.2d* 652, 34 *A.L.R.2d* 839.

I therefore conclude from the pleadings that a demand upon the stockholders was not necessary under the facts alleged, but in any event a demand here would have been futile under the circumstances. A demand upon the stockholders implies that legally they can do something about it. Where they cannot, the Rule does not contemplate that such a useless act must nevertheless be performed.

*Sohland v. Baker,* 15 *Del.Ch.* 431, 141 *A.* 277, 58 *A.L.R.* 693, is relied upon by the defendant. Neither in its statement of law nor its conclusion is it inconsistent with the result here reached. Nor does the recent opinion of the Vice Chancellor in *Mayer v. Adams, supra p.* 466, 133 *A.2d* 138, call for a different conclusion. That case involved the "demand on stockholders" requirement of *Rule* 23(b). First of all, as the pleadings there show, no attempt was made by that plaintiff to comply with *Rule* 23(b). Here the plaintiff has specifically alleged matters pertinent to the Rule. Second, the language of the Vice Chancellor makes it clear that he did not intend to rule, for instance, that where less than unanimous stockholder action by way of ratification or otherwise would be futile, a stockholder would still have to make demand on the stockholders. And, I add, demand to do what? Other distinguishing factors are evident by a reading of the Vice Chancellor's opinion.

I therefore conclude that plaintiff's complaint, to the extent required, complies with the pleading requirement of *Rule* 23(b). The corporate defendant's motion to dismiss must therefore be denied.

I turn now to plaintiff's motion for a preliminary injunction or a stay thereof until such time as this Court has an opportunity to decide plaintiff's motion.

This Court recognizes that a court will interfere with the holding of stockholders' meetings only with great reluctance. Nevertheless, I believe that some of the matters relied upon by plaintiff are of such substance that no action other than an adjournment to a fixed future date should be taken at the stockholders' meeting called for September 12. The Court will fix the adjourned date.

The stay will give the Court an opportunity to pass upon the many matters pressed upon the Court upon very short notice. Such

a stay will not prejudice the rights of those with the ultimate say—the stockholders. It may be noted that in the meantime the executive committee is not prevented from acting despite the factional feud.

A stay to the above effect will be entered upon the plaintiff's posting a bond in the sum of $5,000.

The Court will be happy to discuss the adjourned date with counsel.

Present order on notice.