Owen McGivern, J.
Defendant United Dye & Chemical Corporation moved to dismiss the consolidated complaint in *898 this stockholders’ derivative action solely on the grounds (1) that, since the corporation in whose right this action is brought is a Delaware corporation, Delaware law governs the question of whether it was necessary to allege demand on the stockholders that the action be brought, (2) that Delaware law requires .such demand and (3) that the complaint is insufficient for failure to allege such demand.
This court is of the view that Delaware law governs. (See Restatement, Conflict of Laws, § 183, and Comment b thereto; id., § 194, Comment a; Steinberg v. Hardy, 90 F. Supp. 167, 169 [D. Conn., 1950]; cf. Matter of American Fibre Chair Seat Corp., 265 N. Y. 416, 420 [1934]; Russian Reinsurance Co. v. Stoddard, 240 N. Y. 149,154 [1925].)
The only Delaware case relied on by the moving defendant in support of the proposition that Delaware law required demand on stockholders was Mayer v. Adams (133 A. 2d 138, 135 id. 119 [1957]). Upon advice from counsel that the decision of the Delaware Vice Chancellor in the cited case was the subject of an appeal to the Supreme Court of Delaware, this court deferred decision of the instant and related motions pending such appeal.
On the 15th day of April, 1958 the Supreme Court of Delaware unanimously reversed the decision in Mayer v. Adams (supra) and held that demand on stockholders is not necessary under Delaware law in any case where the wrongs complained of are beyond the power of ratification by a majority of the stockholders (141 A. 2d 458). The instant case falls in that category (Continental Securities Co. v. Belmont, 206 N. Y. 7, 18 [1912]; Pollitz v. Wabash R. R. Co., 207 N. Y. 113, 123 [1912]); and accordingly the motion of defendant United Dye & Chemical Corporation to dismiss the consolidated complaint is denied.